PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:    (818) 883-4900
Fax:          (818) 883-4902
Email:        peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:    (213) 599-8255
Fax:          (213) 402-3949
Email:        lonnieblanchard@gmail.com

JEFF HOLMES (SBN 100891)
HOLMES LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:    (310) 396-9045
Fax:          (970) 497-4922
Email:        jeffholmesjh@gmail.com

Attorneys for Plaintiff Thomas Lagos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Lagos, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>The Leland Stanford Junior University, a California corporation, and Does 1 through 10,<br><br>    Defendants. | **Case No.**<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Thomas Lagos ("Plaintiff") alleges:

1. This class action alleges that certain policies and practices followed by Defendants in procuring

**Complaint**

1

or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without first making the requisite disclosures and obtaining the requisite consent and/or by failing to make the required certifications required thereunder.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction under 15 U.S.C. Section 1681p.
3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendant is a resident of this district.

**INTRADISTRICT ASSIGNMENT**

4. This matter is properly assigned to the San Jose Division of this District pursuant to Civil Local Rule 3-2 because a substantial part of the events or omissions which give rise to the claim occurred in the Division.

**PARTIES**

5. Thomas Lagos ("Plaintiff") is a resident of California and is a "consumer" protected by the FCRA.
6. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."
7. Defendant The Leland Stanford Junior University ("Stanford") is a California corporation with its corporate headquarters located at Office of the President, Building 10 Main Quad, Stanford, CA 94305 and is a "person" as defined by the FCRA.
8. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

**Complaint**

9. Stanford, as standard practice, routinely procures or causes to be procured "consumer reports" from consumer reporting agencies about its employees or prospective employees for employment purposes.

10. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

11. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

**First Claim for Relief against Defendant The Leland Stanford Junior University**

**Violation of 15 U.S.C. Section 1681b(b)(2)**

12. Plaintiff realleges all of the preceding paragraphs.

13. 15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

    (b) Conditions for furnishing and using consumer reports for employment purposes

        (1) Certification from user

**Complaint**

3

A consumer reporting agency may furnish a consumer report for employment purposes only if --

(A) the person who obtains such report from the agency certifies to the agency that--

(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), *a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer*, unless--

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . . (Emphasis added.)

14. In or about January 2015, Plaintiff applied for a job with Stanford. As part of the application process, Stanford procured or caused to be procured a consumer report regarding Plaintiff from HireRight.

15. Stanford violated Section 1681b(b)(2) by procuring or causing to be procured consumer reports for employment purposes regarding Plaintiff and other class members without making the required disclosure "in a document that consists solely of the disclosure."

16. Stanford knew or should have known about its legal obligations under the FCRA. Stanford obtained or had available substantial written materials that apprised it of its duties under the

**Complaint**
4

FCRA. Any reasonable employer knows about or can easily discover these obligations. Stanford either knew or recklessly failed to know the disclosure requirements of Section 1681b(b)(2) and that its acts in procuring or causing to be procured a consumer report regarding Plaintiff and other class members without providing the required disclosure to them was facially contrary to the express language of Section 1681b(b)(2) and all of the administrative guidance available and violated the law. Despite knowing of these legal obligations, Stanford intentionally and/or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA.

17. As a result of these FCRA violations, Stanford is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## CLASS ACTION ALLEGATIONS

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom The Leland Stanford Junior University or any of its related companies procured or caused to be procured a consumer report for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first providing a clear and conspicuous disclosure in writing to the consumer at any time before the report was procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

19. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

20. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These

questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

    b.    Whether Defendant's violations were willful.

21. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

22. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

23. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to

resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;
2. For statutory damages;
3. For punitive damages;
4. For attorney's fees and costs;
5. For interest as provided by law;
6. For such other and further relief as the Court deems proper.

Dated: July 29, 2015           THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Thomas Lagos

**Complaint**